IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02853-ZLW

TIMOTHY HATTEN,

     Plaintiff,

v.

J.C. HOLLAND,
R. ANDERT,
SARA REVELL,
BLAKE R. DAVIS,
D.J. HARMON,
J. CHAVEZ,
HARRELL WATTS,
MICHAEL K. NALLEY,
A. BARKER,
D. BORGERS,
B. OLMSTEAD,
RICHARD W. SCHOTT,
M. WACKER,
B. EISCHEN,
J.P. YOUNG,
KEN EVERHART,
N. FIELDS,
E. ALEXANDER,
V. VISIL,
GREGORY KIZZIAH,
M. GUTIERREZ,
CARL LaFARGUE, and
J. CRAMER,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 9 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Timothy Hatten, a federal prisoner currently incarcerated at the Federal

Correctional Institution, filed a *pro se* pleading titled, "Plaintiff's Motion for

Reconsideration of this Honorable Court's Ordered [sic] of Dismissal," on February 11, 2010, in addition to a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court must construe the pleadings liberally because Mr. Hatten is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The pleading, therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below. The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be denied as moot.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Hatten filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the Motion to Reconsider and the entire file, the Court concludes that Mr. Hatten fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

2

On December 7, 2009, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and granted Mr. Hatten leave to proceed *in forma pauperis*. The December 7 Order required Mr. Hatten to pay the full amount of the $350.00 filing fee in installments and directed him to pay an initial partial filing fee of $17.00 or to show cause why he had no assets to pay the initial fee by filing a current certified copy of his trust fund account statement. The December 7 Order warned Mr. Hatten that if he failed to have the initial partial filing fee sent to the Clerk of the Court by the designated deadline or to show cause why he had no assets and no means by which to pay the initial fee the Complaint would be dismissed without further notice.

On December 29, 2009, Mr. Hatten filed a pleading titled, "Plaintiff's Motion of Response to the Courts [sic] Pending Ordered [sic] to Show Cause / Plaintiff [sic] Request for Filing Fee to be Held in Abeyance Pending Institutional Transfer," to which he attached an inmate trust fund account statement. However, that account statement was not certified.

On January 18, 2010, the Court dismissed this action because Mr. Hatten failed either to pay the initial filing fee of $17.00 or to show cause why he had no assets and no means by which to pay the initial fee by filing a current certified copy of his trust fund account statement.

In Mr. Hatten's Motion to Reconsider, he asserts that the trust fund statement he initially submitted to the Court on November 30, 2009, is certified, and argues that this statement should be sufficient to satisfy his obligations. However, in the December 7 Order, Mr. Hatten was directed that he must either pay the $17.00 filing fee, or show cause by filing a *current certified* copy of his trust fund account statement. Mr. Hatten

3

provides no reason why he was not able to obtain a certified copy of his trust fund statement to submit to the Court in response to the December 7 Order, and indeed, Mr. Hatten has now submitted a certified trust fund statement attached to his most recent Prisoner's Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915.  Mr. Hatten was warned in Magistrate Judge Boland's December 7 Order that the action would be dismissed without further notice if he failed either to pay the filing fee or submit a certified account statement. Therefore, the Court finds that Mr. Hatten received sufficient notice regarding the required documentation, but failed, without explanation, to follow the instructions provided by Magistrate Judge Boland.  This failure does not provide grounds to justify reconsideration in this case.

Accordingly, the Court finds that Mr. Hatten has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion for Reconsideration will be denied. ***See Servants of the Paraclete***, 204 F.3d at 1012.

Mr. Hatten is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action.  Accordingly, it is

ORDERED that "Plaintiff's Motion for Reconsideration of this Honorable Court's Ordered [sic] of Dismissal," filed on February 11, 2010, is denied.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to

Proceed Pursuant to 28 U.S.C. § 1915, filed on February 11, 2010, is denied as moot.

DATED at Denver, Colorado, this 18th day of _____February_____, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-02853-ZLW

Timothy Hatten
Reg No. 27993-004
FCI - Oakdale
P.O. Box 5000
Oakdale, LA 71463

        I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2|19|10

                                                GREGORY C. LANGHAM, CLERK


                                                By: _____
                                                         Deputy Clerk